GMP:EDP
F.#2012R01411

**14 MISC 104**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION          :
OF THE UNITED STATES OF AMERICA          :    SEALED APPLICATION
FOR AN ORDER AUTHORIZING THE RELEASE     :
OF HISTORICAL CELL-SITE INFORMATION      :
- - - - - - - - - - - - - - - - - - - - - x

Erik D. Paulsen, an Assistant United States Attorney for the Eastern District of New York, hereby applies to the Court for Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days AT&T Wireless, (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from the telephone number 917-704-5563 (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the following date ranges: March 23-28, 2012 and July 18-23, 2012 (collectively, "the HISTORICAL CELL-SITE INFORMATION").

In support of this application I state the following:

1. I am an Assistant United States Attorney in the Office of Loretta E. Lynch, United States Attorney for the Eastern District of New York. As such, I am a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d) and, as such,

am authorized to apply for Orders authorizing the disclosure of the HISTORICAL CELL-SITE INFORMATION.

2. The Court is authorized to order the disclosure of the HISTORICAL CELL-SITE INFORMATION upon the government offering specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. 18 U.S.C. § 2703(d).

3. I have discussed this matter with a special agent of the Federal Bureau of Investigation (the "investigative agency"), who is involved in this investigation. Based upon my discussion with the agent, I believe that the information likely to be obtained is relevant to an ongoing criminal investigation as required by 18 U.S.C. § 2703(d). First, the investigative agency is conducting a criminal investigation into possible violations of federal criminal laws, including robbery and use of a firearm in connection with a felony, offenses in violation of 18 U.S.C. §§ 924(c) and 1951. Second, it is believed that the subscriber of the SUBJECT TELEPHONE, MICHELLE PERLIN, and others known and unknown, have used the SUBJECT TELEPHONE in furtherance of the above offenses. Third, HISTORICAL CELL-SITE INFORMATION will further the investigation by corroborating evidence concerning the location of investigatory targets during the commission of the offenses referenced above.

4. Based upon discussions with a special agent of the investigative agency, the government hereby sets forth the following specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation.

5. On or about March 26, 2012, an individual named HARRY PACHECO, together with others, attempted to rob a cashbox associated with the El Mundo supermarket located at 4216 Junction Boulevard, Queens, New York. The cashbox was kept in Apartment 1 of 95-19 43rd Avenue, Queens, New York, a building adjacent to the El Mundo supermarket. According to PACHECO, during the time of the robbery, PERLIN was in a vehicle down the street from the apartment and supermarket, serving as a lookout. According to Pacheco, she had the SUBJECT TELEPHONE on her person while serving as a lookout.

6. On or about July 20, 2012, PACHECO, together with others, drove to the Savvy Gas Station at 173-12 Horace Harding Expressway, Queens, New York and robbed it. According to PACHECO, PERLIN was with him in the car while he robbed the gas station. In addition, according to PACHECO, he paid PERLIN a portion of the money he stole from the gas station shortly after he returned to the car following the robbery. It is likely that PERLIN had the SUBJECT TELEPHONE on her person during this robbery.

7. Based upon the above information, the government requests that the Court issue Orders that provide, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to the service provider to supply within seven days the HISTORICAL CELL-SITE INFORMATION.

8. The government also requests that the service provider, and any other person or entity whose assistance is used to facilitate execution of the Orders be ordered not to disclose (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider and (c) the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person, unless and until otherwise ordered by the Court. Any such disclosure might endanger the life or physical safety of an individual; cause a target to flee from prosecution; result in the destruction of or tampering with evidence; risk intimidation of potential witnesses; and/or seriously jeopardize the investigation.

9. No prior request for the relief set forth herein has been made except to the extent set forth above. The foregoing is affirmed under the penalties of perjury. See 28 U.S.C. § 1746.

Dated:   Brooklyn, New York
         January 29, 2014

_____
Erik D. Paulsen
Assistant United States Attorney
(718) 254-6135

GMP:EDP
F.#2012R01411

**14 MISC 104**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - -x
IN THE MATTER OF AN APPLICATION             :
OF THE UNITED STATES OF AMERICA             :    SEALED ORDER
FOR AN ORDER AUTHORIZING THE RELEASE        :    OF AUTHORIZATION
OF HISTORICAL CELL-SITE INFORMATION         :
- - - - - - - - - - - - - - - - - - - - - -x

This matter having come before the Court pursuant to an application by Assistant United States Attorney Erik D. Paulsen an attorney for the Government as defined by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d), requesting an Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days AT&T Wireless (the "service provider") to disclose recorded information identifying the base station towers and sectors that received transmissions from the telephone number 917-704-5563 (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the following date ranges: March 23-28, 2012 and July 18-23, 2012 (collectively, "the HISTORICAL CELL-SITE INFORMATION").

UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT:

Pursuant to 18 U.S.C. § 2703(c)(1) and (d), the government has offered specific and articulable facts showing that there are reasonable grounds to believe that the HISTORICAL CELL-SITE INFORMATION is relevant and material to an ongoing criminal investigation into possible violations of federal criminal laws, including robbery and use of a firearm in connection with a felony, offenses in violation of 18 U.S.C. §§ 924(c) and 1951, being conducted by the Federal Bureau of Investigation (the "investigative agency"); now therefore,

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply to the investigative agency within seven days the HISTORICAL CELL-SITE INFORMATION for the following date ranges: March 23-28, 2012 and July 18-23, 2012;

Good cause having been shown, IT IS FURTHER ORDERED, that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this Order, the existence of the Order to Service Provider or the production of the HISTORICAL CELL-SITE INFORMATION to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating

incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated:     Brooklyn, New York
           January 29, 2014

_____
HON. RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

GMP:EDP
F.#2012R01411



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION         :
OF THE UNITED STATES OF AMERICA         :    SEALED ORDER TO
FOR AN ORDER AUTHORIZING THE RELEASE    :    <u>SERVICE PROVIDER</u>
OF HISTORICAL CELL-SITE INFORMATION     :
- - - - - - - - - - - - - - - - - - - - x

WHEREAS this Court has, upon the application of the United States of America, entered an Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days AT&T Wireless (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from the telephone number 917-704-5563 (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for the following date ranges: March 23-28, 2012 and July 18-23, 2012 (collectively, "the HISTORICAL CELL-SITE INFORMATION").

NOW THEREFORE, IT IS HEREBY:

ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply within seven days the HISTORICAL CELL-SITE INFORMATION for the following date ranges: March 23-28, 2012 and July 18-23, 2012;

IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's Office, the Federal Bureau of Investigation, the service provider and any other person or entity whose assistance is used to execute this Order; and

IT IS FURTHER ORDERED that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction, the existence of this Order or the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated:    Brooklyn, New York
          January 29, 2014

_____
HON. RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK